## C. W. McMANIGAL, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2176. Promulgated May 1, 1928.

*H. M. Logan, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: In his income-tax return for the taxable year the petitioner deducted from the sales price received for his farm the amount of $1,000 representing depreciation of improvements sustained during his ownership and reported a profit of $15,100 realized from the sale. Upon audit of such return the Commissioner added the sustained and allowable depreciation to the sales price and determined a profit of $17,100. On this issue the determination of the respondent is approved. *Even Realty Co.*, 1 B. T. A. 355; *United States* v. *Ludey*, 274 U. S. 295.

At the hearing the petitioner, on permission granted, amended his petition to include a claim for an additional deduction from his gross operating income for the taxable year of the amount of $2,500. He alleges that he borrowed such amount from banks in 1919 and expended the whole thereof in the purchase of cattle and corn; that within the year the corn was fed to live stock intended for sale; that the live stock purchased was either sold within the year or on hand at the close of the year; and that the said $2,500 was inadvertently omitted from the amounts claimed as deductions from operating income. The evidence on this point is not sufficiently clear to enable us to make a finding of fact favorable to the petitioner. The record shows that during the taxable year the petitioner expended $2,594.22 for feed and that at the end of such year he had live stock not sold of the value of $2,136.28. It is clear that the amount in question was borrowed as alleged, but nothing in the record proves that it

was used for the purchase of corn and cattle in addition to the amounts allowed by the respondent as deductions from operating income on account of the purchase of feed and live stock unsold at the close of the year. Since borrowed money is not a deductible item from gross income for the purpose of determining tax liability there is no basis upon which this claim can be allowed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*